UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| BRENT SANGSTER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 1:17-cv-00941-JMS-DLP |
| WARDEN, Plainfield Correctional Facility,[1] | ) |  |
| Respondent. | ) |  |

### Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment

The petition of Brent Sangster for a writ of habeas corpus challenges prison disciplinary proceeding number IYC 17-02-0021. For the reasons explained in this Entry, Mr. Sangster's habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] Effective July 1, 2017, the official in charge of an Indiana penal facility or correctional institution holds the title "Warden" and is no longer titled a "Superintendent." Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d). The **clerk is directed** to update the docket to reflect this substitution.

*McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On February 1, 2017, Plainfield Correctional Facility Officer J. Smith wrote a conduct report charging Mr. Sangster with possession of a controlled substance, a violation of the Indiana Department of Correction (IDOC) Adult Disciplinary Code section B-202. The conduct report provides:

> On 2/1/2017 at approximately 1:45 am I officer J. Smith conducted a strip search on offender Sangster, Brent 930407 of HUS (F1-14U) in the classroom of south dorm lobby. While checking Sangster left shoe I noticed a clear small bag with paper inside of the small bag located inside of the left shoe. I secured the clear bag in my right cargo pocket and continued the strip search, no other contraband was found. I ordered offender Sangster back to the hallway lobby and checked the clear bag with paper in it. I noticed there was orange strips of what appeared to be suboxone and pieces of paper with numbers in written on it. I advised offender Sangster he would receive a confiscation slip along with a conduct report.

Dkts. 1-1 & 9-1.

Mr. Sangster was notified of the charge on February 3, 2017, when he was served with the screening report and a copy of the conduct report. Dkt. 9-2. He pleaded not guilty to the charge, requested statements from other offenders and the photographic evidence, and asked for a lay advocate. *Id.*

The disciplinary hearing was held on February 6, 2017. Based on Mr. Sangster's statement, the staff reports, and evidence from witnesses, the hearing officer found Mr. Sangster guilty of possession of a controlled substance. The sanctions imposed included the loss of sixty-two days' earned credit time. Dkt. 9-6.

Mr. Sangster appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkts. 9-7 & 9-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Sangster's defense was that he did not know that the controlled substance was in his shoes. He contended that someone else used his shoes and left the substance in them. He presented witness statements from two offenders, Morgan and McColloch, to support his defense at the disciplinary hearing. The hearing officer considered McColloch's statement that he had borrowed Mr. Sangster's shoes, found a small package, put the package in the shoes, and then forgot to remove it from the shoes. Morgan's statement was that while he was at recreation, he saw McColloch pick something up and put it into the shoes. Despite these statements and Mr. Sangster's testimony, the hearing officer convicted Mr. Sangster.

  1.     Ground One[2]

The first ground asserted for habeas corpus relief is that the hearing officer was biased because he convicted Mr. Sangster despite the two witness statements and despite the seized substance never having been field tested or sent to a lab. As to the first portion of this ground, there is no indication or credible argument that the hearing officer was biased merely because he weighed the evidence and made a decision. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed

---

[2] Mr. Sangster presents three grounds for relief which are essentially the same. The Court nevertheless addresses each in turn.

biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. There is no indication that the hearing officer was involved in the investigation. Relief is **denied** on the assertion that the hearing officer was biased.

The second portion of this ground for relief is Mr. Sangster's contention that there was insufficient evidence to convict him because (a) there was exculpatory evidence presented and (b) the seized substance was never tested. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

This Court does not reweigh the evidence. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Instead, it looks only to the evidence produced at the hearing, and if there was "some evidence" upon which the hearing officer's decision could be based, habeas corpus must be denied. *Id.* Here, Mr. Sangster was found with the substance hidden in his shoe. Officer Smith's conduct report clearly explained what happened. Officer Smith examined the substance following his search

of Mr. Sangster and wrote that the substance appeared to be suboxone. In the context of how and where the substance was found, there is some evidence to conclude it was a controlled substance. Therefore, some evidence exists upon which the hearing officer's decision could be based. Habeas corpus is therefore **denied** on the sufficiency of the evidence aspect of Mr. Sangster's first ground for relief.

        2.      Ground Two

Ground two also presents a sufficiency of the evidence claim, asserting in different wording the same contentions presented in ground one. For same reasons, therefore, ground two is **denied**.

        3.      Ground Three

Finally, Mr. Sangster presents a third ground for relief contending that prison officials failed to follow prison policies when they convicted him despite conflicting testimony and untested evidence. Inasmuch as this is the same challenge to the sufficiency of the evidence addressed above, the claim is **denied**. To the extent that Mr. Sangster complains about any deviation from IDOC policies and procedures, relief is not available on that basis. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[S]tate-law violations provide no basis for federal habeas review."); *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004); *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002).

Ground three is also **denied**.

All three of Mr. Sangster's grounds for habeas corpus relief are meritless and the petition for a writ of habeas corpus is therefore **denied**.

D. **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sangster to the relief he seeks. Mr. Sangster's petition for a writ of habeas corpus is **denied** and this action is **dismissed**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/14/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brent Sangster
930407
Plainfield Correctional Facility
Electronic Service Participant - Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov